# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| DENNIS RAY DAVIS | CIVIL ACTION NO. 22-1571-P |
| VERSUS | JUDGE EDWARDS |
| STEVEN PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Dennis Ray Davis ("Plaintiff"), pursuant to 42 U.S.C. § 1983.[1]  This complaint was received and filed in this court on June 3, 2022.  Plaintiff is currently incarcerated at the David Wade Correctional Center in Homer, Louisiana.  Plaintiff names Steven Prator, Rickey Fraiss, Robert Bobby Wyche, Deputy Cheryl Stills, Deputy T. Ruffin, Sgt. Thomas Englade, Officer Jousha Mayfield, Officer Marcus Mitchell, Officer H.J. Burak, Chief Ben Raymond, the North Louisiana Criminalistics Laboratory, Director Jimmy D. Barnhill, Tiffany Davis, Carla White, Caddo Parish District Attorney's Office, District Attorney James E. Stewart, Sr., Assistant District Attorney Meskia Smith Creel, Assistant District Attorney Kodie Smith, and District Attorney Investigator Scott Lee as defendants.

---

[1] Plaintiff is a sanctioned litigant who paid the filing fee for this complaint.

Plaintiff's complaint is replete with legal jargon and conclusory, disjointed assertions. He emphasizes that he is not challenging any conviction, sentence, or confinement. He states he is only seeking declaratory relief.

This complaint arises from Plaintiff's convictions and sentences for armed robbery with a firearm enhancement and aggravated battery in the Louisiana First Judicial District Court in docket #342728. Plaintiff was charged with attempted first degree murder and armed robbery with a firearm enhancement. Following a bench trial, Plaintiff was found guilty of armed robbery with a firearm enhancement and guilty of the responsive charge of aggravated battery. Plaintiff was sentenced to 10 years imprisonment at hard labor for the aggravated battery conviction and 20 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence for the armed robbery conviction. The court ordered the sentences to run concurrently with each other and concurrently with the felony sentence he was already serving. For the firearm enhancement, the court sentenced Plaintiff to five years imprisonment without benefit of probation, parole, or suspension of sentence and ordered the sentence to be served consecutively to the 20-year armed robbery sentence. See State v. Davis, 54,116 (La. App. 2 Cir. 12/15/21), 330 So.3d 1279.

Plaintiff seeks a declaratory judgment that he had a constitutional right to bail before he was convicted. He argues that he has a liberty interest pursuant to the United States Constitution and the Louisiana Constitution and statutory law to bail before a conviction. He admits that Judge Ramona Emanuel set his bail at $250,000.00.

Plaintiff seeks a declaratory judgment that the Caddo Parish Sheriff's Office and Sheriff Steve Prator and his deputies had a statutory duty under federal and Louisiana law to accept commercial surety and secured personal surety for his bail conditions pursuant to a valid court order. He claims that on August 3, 2016, the Caddo Parish deputies at Caddo Correctional Center placed an unlawful hold of no bond on him at booking without any legal order or authority. He claims the deputies have a duty to ascertain the bond conditions set by the court which was $250,000.00 in his case. Plaintiff claims he was therefore falsely imprisoned because of the unlawful hold.

Plaintiff seeks a declaratory judgment that as a pretrial detainee, he had the right to a prompt appearance in court after being arrested on warrant number 2016-00-3282 for armed robbery and armed robbery with use of a firearm and warrant number 2016-00-3281 for attempted first degree murder. Plaintiff claims he was denied access to his first court appearance from August 3, 2016 to January 4, 2017. He claims his first court appearance was not until January 4, 2017, which was five months after he was arrested.

Plaintiff seeks a declaratory judgment that Shreveport Police Officer Marcus Mitchell breached Shreveport Police Department Policy No. 404.1 regarding completion of reports, supplemental reports, and state law crime reporting. He claims this breach mislead the court and resulted in his unlawful arrest. He claims Officer Mitchell showed bad faith, committed malfeasance in office, and tampered with evidence in police reports CAD# 16130679 and CAD# 16133205. He claims arrest warrants No. 2016-00-3281 and No. 2016-00-3282 were issued without probable cause and he was falsely arrested.

Plaintiff states that on August 3, 2016, he turned himself in at the Caddo Correctional Center for arrest warrant No. 2016-00-3281 for attempted first degree murder and arrest warrant No. 2016-00-3282 for armed robbery and armed robbery with use of a firearm. He claims the arrest warrants were based on Shreveport Police Officer Williams's offense report dated July 29, 2016 regarding an incident at 5101 Monkhouse Drive in Shreveport, Louisiana. He claims Officer Williams's report stated that property recovered included one semi-automatic black weapon used in the crimes. He claims Officer Mitchell stated in CAD# 16130679 that this concluded his efforts on the date of October 21, 2016 and that all future investigative measures related to this criminal case would be documented by written supplemental reports. He claims Officer Mitchell breached the policy for supplemental reports.

Plaintiff claims that on September 13, 2017, the state court relieved him of all bond obligations in Docket # 342728. He claims that on October 16, 2017, Officer Mitchell tampered with evidence in report CAD# 16130679. He claims Officer Mitchell destroyed Officer Williams's recovered weapon that was seized on July 29, 2016. He claims Officer Burak stated in CAD# 16133205 that the seized weapon recovery date was August 2, 2016, which was five days after the alleged offense date. Plaintiff claims that on October 16, 2017, Officer Mitchell intentionally altered CAD#s 16130679 and 16133205 regarding both weapons before he submitted the request for firearm examiner analysis. He claims Officer Mitchell did this with the intent of distorting the results of the certificate of certified crime laboratory reports regarding the chain of custody. He claims that without a

supplemental report, Officer Mitchell suppressed evidence, destroyed the weapon seized on July 29, 2016, and altered evidence submitted to the crime laboratory. He claims Officer Mitchell breached SPD policy and procedure and municipal orders that ensure reports are accurate and completed in a timely fashion.

Plaintiff claims the state court granted his fast and speedy trial motion on May 1, 2017. He claims the state court discharged all bond obligations on September 13, 2017. He claims the state court held a contradictory hearing and found the State failed to show just cause for speedy trial violations.

Plaintiff seeks a declaratory judgment that the District Attorney failed to provide Brady evidence including favorable ATF reports regarding firearm trace. He claims multiple motions for discovery and inspection were filed for all reports of examination and tests on the seized weapon.

Accordingly, Plaintiff seeks declaratory relief.

## LAW AND ANALYSIS

**Bail Denial Claims**

Plaintiff claims he had an absolute constitutional right to bail before he was convicted. He claims he was denied bail because the Caddo Parish Deputies placed an unlawful hold of no bond on him. He claims the deputies had a duty to ascertain the bond conditions set by the court. Plaintiff has no absolute constitutional right to bail. See Broussard v. Par. of Orleans, 318 F.3d 644, 651 (5th Cir. 2003); Davis v. Wilson, 2021-1619357 (W.D. La. 3/11/2021); United States v. Torres, 566 F. Supp. 2d 591, 600 (W.D.

Tex. 2008).    Accordingly, Plaintiff's civil rights claims regarding his bail should be dismissed as frivolous and for failure to state a claim on which relief can be granted.

**Prompt Court Appearance Claims**

Plaintiff seeks a declaratory judgment that he was denied the right to a prompt court appearance after he was arrested.  He states that he was arrested on August 3, 2016 and did not have his first court appearance until January 4, 2017.  Plaintiff is accusing the defendants of violating the provisions of Louisiana Code of Criminal Procedure article 230.1.[2]

Plaintiff's claim is premised on alleged violations of state law. Violations of state law are insufficient to state a claim that is actionable under 42 U.S.C. § 1983.  See <u>Hayes</u>

---

[2] LSA-C.Cr.P. Art. 230.1
A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two-hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment. However, upon a showing that the defendant is incapacitated, unconscious, or otherwise physically or mentally unable to appear in court within seventy-two hours, then the defendant's presence is waived by law, and a judge shall appoint counsel to represent the defendant within seventy-two hours from the time of arrest.
B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.
C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released on his own recognizance.
D. The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.

v. Herford, No. 22-cv-0872, 2022 WL 2446498, (W.D. La. June 13, 2022); Delaney v. Ackal, No. 09-1643, 2009 WL 5195935, (W.D. La. Dec. 30, 2009).

Moreover, the defendants' alleged failure to comply with Louisiana Code of Criminal Procedure article 230.1 does not constitute a federal due process violation under the Fourteenth Amendment because article 230.1 does not give rise to a constitutionally protected liberty interest. See Smith v. Spinks, No. 24-1891, 2024 WL 5036284, E.D. La. November 19, 2024), adopted, 2024 WL 5010245 (E.D. La. December 6, 2024); see also Dominick v. Stone, No. 19-0503, 2019 WL 2932817, (W.D. La. June 14, 2019), adopted, 2019 WL 2932756 (W.D. La. July 8, 2019); LaFrance v. City of New Orleans, No. 16-14439, 2017 WL 3277291, (E.D. La. June 19, 2017).

Accordingly, Plaintiff's civil rights claims regarding the denial of a prompt court appearance should be dismissed as frivolous and for failure to state a claim on which relief can be granted.

**Heck Claims**

Plaintiff's remaining claims challenge his confinement, convictions, and sentences even though he emphasizes in his complaint that he is not challenging any conviction, sentence, or confinement. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  In this action, Plaintiff is seeking only declaratory relief.  Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998).  Heck involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.  When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking declaratory relief for civil rights violations under Section 1983; therefore, he must prove his convictions and/or sentences have been invalidated.  He has not met this precondition and his claims must be dismissed until such time that he can demonstrate that his convictions and/or sentences have been invalidated.

## CONCLUSION

Because Plaintiff is a prisoner, this court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint "frivolous" or if it "fails to state a claim upon which relief may be granted."  See 28 U.S.C.

§ 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims regarding bail and the denial of a prompt court appearance be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and for failure to state a claim on which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining civil rights claims seeking declaratory relief for his allegedly unconstitutional confinement, convictions, and sentences be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the

proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 31st day of July 2025.

Mark L. Hornsby
U.S. Magistrate Judge